NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0531n.06

No. 15-1099

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RAMONA S. HADDAD,

      Plaintiff-Appellant,

v.

SECRETARY, U.S. DEPARTMENT
OF HOMELAND SECURITY, et al.,

      Defendants-Appellees.

> **FILED**
> Jul 27, 2015
> DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

BEFORE:     CLAY and McKEAGUE, Circuit Judges; BERTELSMAN, District Judge.[*]

**PER CURIAM.** Plaintiff Ramona S. Haddad sought review in federal district court of a decision by the Board of Immigration Appeals (BIA) affirming the denial of her I-130 petition on behalf of her alien husband, William Ayed Haddad. The district court denied Plaintiff's motion for summary judgment and granted Defendants' cross-motion for summary judgment. Plaintiff timely appealed. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

An I-130 petition may be filed by any citizen or lawful permanent resident of the United States for the purpose of informing the United States Citizenship and Immigration Services ("USCIS") of the petitioner's relationship to an alien relative who seeks to immigrate to the

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

United States. William Ayed Haddad, a citizen of Jordan, has had three I-130 petitions filed on his behalf.

Mr. Haddad entered the United States in November 1990 on a six-month B-2 visitor visa. He unlawfully remained in the United States longer than his visa allowed, and he married Krystn Ann White, a United States citizen, in September 1991. A month later, Mr. Haddad filed an I-485 application seeking lawful permanent residence in the United States, and Ms. White simultaneously filed an I-130 petition naming Mr. Haddad as her husband. In July 1992, while the I-130 petition was still pending, Ms. White sought an annulment of her marriage to Mr. Haddad. The Oakland County, Michigan circuit court entered a default judgment of annulment, finding that the marriage was invalid because it was never consummated and because the couple never lived together as husband and wife. The Immigration and Naturalization Service (predecessor agency to USCIS) subsequently denied the I-130 application. The INS determined that the White/Haddad marriage was a sham because of the annulment and other evidence that the marriage was entered into for the purpose of evading the immigration laws. Mr. Haddad's I-485 application was denied based on the denial of the I-130 petition, and the government initiated removal proceedings against him.

Plaintiff, a naturalized United States citizen, married Mr. Haddad in January 1996. Six months later, she filed her first I-130 petition on behalf of her husband. The petition was erroneously granted in August 1996, and revoked shortly thereafter based on Mr. Haddad's prior fraudulent marriage to Ms. White. The BIA affirmed the revocation. The BIA also affirmed an immigration judge's order that Mr. Haddad leave the country voluntarily or be deported. Mr. Haddad did not comply with the voluntary departure order, and he remained in the United States until he was arrested by immigration agents and deported to Jordan in July 2010.

In October 2010, Plaintiff filed the I-130 petition at issue in this case. The USCIS notified Plaintiff of its intent to deny the petition even though it did not doubt that her marriage to Mr. Haddad was legitimate. The USCIS explained that it intended to deny the petition because of Mr. Haddad's prior fraudulent marriage to Ms. White. Plaintiff submitted affidavits from Mr. Haddad and other family members to demonstrate that Mr. Haddad's first marriage was bona fide, but the USCIS was unpersuaded. It denied the I-130 petition on the basis of the previous sham marriage, and the BIA affirmed. Plaintiff then filed suit in federal district court challenging the BIA's decision as arbitrary and capricious.

On the parties' motions for summary judgment, the district court thoroughly reviewed the administrative record, and ultimately held that the BIA's decision was not arbitrary and capricious. The court determined that there was substantial evidence supporting the BIA's finding that Mr. Haddad's first marriage was a sham. The court also determined that the BIA did not ignore or fail to consider the evidence Plaintiff submitted; rather, the BIA simply found that her after-acquired evidence, which was both vague and offered by interested parties, was insufficient to overcome the contemporaneous evidence of marriage fraud.

We have thoroughly reviewed the record, the applicable law, and the parties' arguments, and we come to the same conclusions as the district court. Accordingly, we hold that the BIA's decision denying Plaintiff's I-130 petition is supported by substantial evidence and therefore is neither arbitrary nor capricious. We also hold that Plaintiff abandoned her due process claim by failing to address it in her motion for summary judgment and by failing to respond to Defendants' summary judgment motion in which they argued that the claim was meritless. *See Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("[A] plaintiff is deemed to have abandoned a claim when [she] fails to address it in response to a motion for summary

judgment."). Accordingly, we **AFFIRM** on the basis of the district court's December 31, 2014 opinion.